Judge Nicholas
delivered the Opinion of the Court.
On the motion of Markley, the circuit court quashed an execution, sheriff’s return, and replevin bond entered into by him to the Bank, on the ground that the original execution, of which the one quashed was a renewal, had been receipted in full, in 1824, by the then agent of the Bank. To rebut this receipt, it was proved that one .Duckham, who was the principal in the debt for which Markley was bound, was also indebted to the Bank, in the sum of two hundred and eighty eight dollars, with O ti o ' other sureties, due in the month of Feburary, 1819 ; that, in that month, he paid on this debt the sum of two hundred eighty two dollars and twenty nine cents, which not being the full amount, was carried to his credit in account current, instead of being endorsed on the note. In April, 1819, he became indebted to the Bank three hundred dollars, with Markley and another as his sureties. in 1824, the then agent of the Bank, seeing the credit on the books in Duckham’s favor, and not recollecting that it was paid on the first note, gave the credit mentioned on the execution against Markley. Upon the books and papers of the Bank coming into the hands of *374 another agent, in 1832, he discovered the mistake, anti in order to rectify it, took out the second execution, which was replevied by Markley. This being all the proof on either side, the court quashed the replevin bond and execution, as above stated.
The time,which bars a proceeding in chancery, or motion at common law,to be relieved against the effect of fraud or mistake, is to be computed only from the time when the fraud, or mistake, was discovered.
We do not understand, that a receipt endorsed upon an execution, by an agent, so necessarily precludes the plaintiff from taking out another execution, as that he will have to cause the receipt to be erased by order of court, before he can legally obtain another. It no doubt will be much the most prudent for clerks to refuse a new execution, under such circumstances, without an order of court. But if a second execution does go, and it turns out that the plaintiff was entitled to it, we do not think the issuing of it should be treated as irregular, and subject the proceedings under it to be quashed.
The only objection to the right of the Bank to rectify the mistake, that has been urged, is that growing out of the lapse of lime. It is not pretended, that there is any statutory bar, but it is insisted, the right should be restricted to five years, in analogy to the limitation of actions on simple contract, or to three years limitation of a writ of error. There is no doubt but the courts ought, as they do, to regulate their practice in analogy to the statutory bar. But then this is done upon equitable principles, such as control and govern courts of chancery in its application. In those courts the bar is never applied in cases of fraud and mistake, except from the time of discovering the fraud or mistake. Applying it in that way here, sufficient time had not run ; for the new execution was sued out, according to the proof, within the same year that the mistake was discovered.
It was not shewn on the trial of the motion, that Markley had sustained, or would sustain, any injury by reason of the mistake, and it is therefore unnecessary to say whether that circumstance would have materially elfected the right of the Bank to have it rectified.
The judgment must be reversed, with costs, and the case remanded, with directions to overrule the motion.